Lacewell v Rocky Mtn. Intl. Ins. Ltd. (2023 NY Slip Op 50930(U))

[*1]

Lacewell v Rocky Mtn. Intl. Ins. Ltd.

2023 NY Slip Op 50930(U)

Decided on September 1, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 1, 2023
Supreme Court, New York County

Linda A. Lacewell, SUPERINTENDENT OF FINANCIAL SERVICES OF THE STATE OF NEW YORK, IN HER CAPACITY AS LIQUIDATOR OF IDEAL MUTUAL INSURANCE COMPANY, Plaintiff,

against
Rocky Mountain International Insurance Ltd., UNITED INSURANCE COMPANY, Defendant.

Index No. 655328/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 167, 168, 169, 170, 171, 172, 182, 183, 184 were read on this motion for DISCOVERY.
The following e-filed documents, listed by NYSCEF document number (Motion 006) 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 185, 186, 187, 188 were read on this motion to DISQUALIFY COUNSEL.
Motion sequences 004 and 006 are consolidated herein for disposition.
The current dispute before this court involves the discoverability of 22 documents exchanged by plaintiff pursuant to an audit agreement. According to plaintiff, the terms of a reinsurance agreement entered between the parties required that plaintiff make its books and records regarding asbestos litigation claims available to defendants. The parties entered an audit agreement governing the document exchange, that included 'non-waiver' language that, according to plaintiff, expressly stated that the exchange of such records would not constitute a waiver of any rights or privileges with respect to the documents. Two document productions were made to defendants in 2016 and 2019, prior to the commencement of the instant suit. 
In motion sequence 004, plaintiff seeks to claw-back the documents exchanged pursuant to the terms of the audit agreement.
CPLR 3103 allows for the issuance of a protective order denying, limiting, conditioning, or regulating the use of any disclosure device. Protective orders are issued to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts. CPLR 3103 also allows for the suppression of information improperly obtained. If any disclosure under this article has been improperly or irregularly obtained so that a substantial right of a party is prejudiced, the court, on motion, may make an appropriate order, including an order that the information be suppressed (CPLR 3103, subsections [a] and [c]).
Here, plaintiff argues that the documents at issue are subject to suppression because they are covered by the attorney/client and the attorney work product privileges. Plaintiff argues that the audit agreement, which covered the exchange of the subject documents, contained a non-waiver provision that allowed for plaintiff to retain its rights and privileges with respect to the documents (NYSCEF doc. no.115, para, 9).
Defendants admit in their responsive papers that 16,000 pages of documents were exchanged that detail the liquidator's handling and settlement of the underlying asbestos claims. Therefore, the court is inclined to agree with counsel that the exchanged books and records regarding the settlement of those claims are likely covered by privilege, given the underlying dispute admittedly involves the settlement of various asbestos liability claims.
Contrary to defendant's position, the court does not find that the plaintiff, at any time, waived its right to assert privilege. The production of the documents during the audit was covered by a non-waiver provision of the audit agreements, and the documents were never voluntarily re-produced by plaintiff as discoverable material. Defendants admittedly sought plaintiff's consent for the re-production of all audit material in the discovery of this action. Had the defendants truly believed the documents were subject to full disclosure, re-production would be unnecessary.
The audit agreement entered into by the parties allows for the plaintiff to retain its right to assert privilege, and expressly states that nothing in the agreement shall prevent defendants from using any confidential matter in connection with any litigation between the parties (NYCEF doc. no. 115, paras, 6 and 9, 10). The terms of the audit agreement are enforceable [*2]here.
CPLR 3103 (c) allows for the suppression of information improperly obtained that substantially prejudices the right of a party. Here, the documents were neither improperly obtained nor have they yet been improperly utilized by defendants in this litigation. Plaintiff's request for a protective order over the documents is denied.
In motion sequence 006, defendants move, pursuant to New York Rule of Professional Conduct 3.7, to disqualify the liquidator's counsel based upon information found in the audit agreement documents.
This action involves defendants' nonpayment pursuant to the terms of an indemnity agreement. According to defendants, the underlying legal claims for which the indemnity obligation arise, were improperly settled by plaintiff. It is alleged that the plaintiff initially disallowed the claims, but later reversed course and agreed to settle the liability claims, in an effort to save on litigation costs. This 'cost saving' decision, according to defendants, was made in bad faith, which resulted in the legal claims falling outside the scope of the indemnity agreement.
Defendants move to disqualify plaintiff's counsel, arguing that counsel has critical information relevant to defendants' claims. Defendants submit that counsel will be critical witnesses regarding central issues in this action.
Disqualification on the ground that an attorney is likely to be a witness is not mandatory. In determining whether to disqualify an attorney on the ground that he or she will likely be a witness, the court is guided, but not bound by, the standards set forth in Rule 3.7. Whether to disqualify an attorney rests in the sound discretion of the Court (Salomone v Abramson, 48 Misc 3d 318, 327 [Sup Ct, NY County 2015, Kornreich, J.]).
In applying the Rule, a court must consider a litigant's valued right to select its own counsel and the fairness and effect of disqualification in the particular factual setting (id., citing, S&S Hotel Ventures Ltd. Partnership, 69 NY2d 437 [1987]). The necessity of the attorney's testimony considers such factors as the significance of the matters, the weight of the testimony and the availability of other evidence (Salomone, 48 Misc 3d at 327). Disqualification should be granted where no other witness can provide the crucial testimony needed (Sokolow, Dunaud, Mercadier & Carreras LLP v Lacher, 299 AD2d 64, 75 [1st Dept 2002]).
Defendants' request to disqualify counsel is based on presumptions of testimony and evidence that have not yet materialized. Defendants have not set forth sufficient facts to support the allegation that plaintiff's current firm, their assessment of the asbestos litigation, and their alleged recommendation to settle the claims, is testimony that is 'necessary' as defined by New York law. Testimony may be considered highly relevant and useful, but still not be considered strictly necessary (Sokolow, 299 AD2d at 75).
Defendants ask that this court presume that the liquidator's counsel will provide evidence of communications, legal assessments, and settlement strategy, which are relevant and critical to the subject dispute. However, defendants have not demonstrated how this alleged evidence, which they have yet to fully obtain, cannot be obtained by alternative means or the audit documents themselves.
For example, defendants allege that, initially, the liquidator disallowed the underlying claims based upon the advice of a prior law firm. Defendants have not identified why they do not have other means of obtaining evidence, namely, testimony from the liquidator's prior firm which presumably has ample evidence to support defendants' contention that the asbestos [*3]litigations at issue had viable defenses and should not have been settled.
Moreover, disqualifying the liquidator's chosen counsel on a case that has been pending for four years would inevitably impose a hardship to the liquidator, especially where, as here, the counsel has been acting on the liquidator's behalf for many years prior to this litigation. The court is not persuaded that disqualification is warranted at this time.
Accordingly, it is hereby
ORDERED that plaintiff's motion for a protective order (motion seq. no. 004) is denied in its entirety; and it is further
ORDERED that defendants' motion for disqualification (motion seq. no. 006) is denied in its entirety; and it is further 
ORDERED that both motions are denied without prejudice, with leave for re-submission, if then appropriate, following the conclusion of all deposition testimony in this action.
09/01/2023
ROBERT R. REED, J.S.C.